**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**MARCE GONZALEZ, JR.,**
Dyer, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JAMES B. MARTIN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| JEREMY J. HOLDEN, )<br>)<br>Appellant-Defendant, )<br>)<br>vs. )<br>)<br>STATE OF INDIANA, )<br>)<br>Appellee-Plaintiff. ) | No. 45A04-1308-CR-436 |

APPEAL FROM THE LAKE SUPERIOR COURT
The Honorable Diane Ross Boswell , Judge
Cause No. 45G03-1209-FB-94

**April 14, 2014**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BARNES, Judge**

**Case Summary**

Jeremy Holden appeals his sentence for Class B felony armed robbery. We affirm.

**Issue**

Holden raises one issue, which we restate as whether his ten-year sentence is inappropriate.

**Facts**

On September 27, 2012, the State charged Holden with Class B felony armed robbery and Class B felony criminal confinement. While Holden was awaiting trial, the trial court allowed Holden to participate in a home monitoring program. However, Holden removed his electronic bracelet and was charged with escape. Holden pled guilty to Class B felony armed robbery, and the State agreed to dismiss the criminal confinement and escape charges. The plea agreement provided that Holden would face a sentencing cap of ten years. At the guilty plea hearing, the parties stipulated that Holden took a watch, chain, cell phone, and MP3 player from Darius Polk while Holden was armed with a handgun. At the sentencing hearing, the trial court found that Holden's criminal history was an aggravating factor. The trial court sentenced Holden to ten years executed. Holden now appeals.

**Analysis**

Holden argues that his ten-year sentence is inappropriate in light of the nature of the offense and the character of the offender. Holden requests that we revise his sentence to eight years with two years suspended. Indiana Appellate Rule 7(B) provides that we

may revise a sentence authorized by statute if, after due consideration of the trial court's decision, we find that the sentence is inappropriate in light of the nature of the offense and the character of the offender. When considering whether a sentence is inappropriate, we need not be "extremely" deferential to a trial court's sentencing decision. Rutherford v. State, 866 N.E.2d 867, 873 (Ind. Ct. App. 2007). Still, we must give due consideration to that decision. Id. We also understand and recognize the unique perspective a trial court brings to its sentencing decisions. Id. Under this rule, the burden is on the defendant to persuade the appellate court that his or her sentence is inappropriate. Childress v. State, 848 N.E.2d 1073, 1080 (Ind. 2006).

The principal role of Rule 7(B) review "should be to attempt to leaven the outliers, and identify some guiding principles for trial courts and those charged with improvement of the sentencing statutes, but not to achieve a perceived 'correct' result in each case." Cardwell v. State, 895 N.E.2d 1219, 1225 (Ind. 2008). We "should focus on the forest—the aggregate sentence—rather than the trees—consecutive or concurrent, number of counts, or length of the sentence on any individual count." Id. When reviewing the appropriateness of a sentence under Rule 7(B), we may consider all aspects of the penal consequences imposed by the trial court in sentencing the defendant, including whether a portion of the sentence was suspended. Davidson v. State, 926 N.E.2d 1023, 1025 (Ind. 2010).

The nature of the offense is that Holden took a watch, chain, cell phone, and MP3 player from Darius Polk while Holden was armed with a handgun. Although the nature of the offense is not particularly egregious, we must also consider the character of the

3

offender. Although only nineteen years old, Holden has a substantial juvenile history. Beginning at the age of thirteen, Holden was adjudicated delinquent for criminal trespass on two occasions, visiting a common nuisance, and false reporting. Holden repeatedly violated his probation and was committed to the Lake County Juvenile Center, in-house detention, a residential facility, and ultimately the Indiana Boys School. Holden was released from the Boys School at the age of eighteen. Holden committed the instant offense just a few months after his release. Holden also admitted that he had been a member of the Vice Lords gang since he was eleven years old. During his incarceration at the Lake County Jail, he received three write-ups for major offenses and spent forty-eight days on lock-down.

Although Holden expressed remorse and pled guilty, the trial court concluded that the advisory sentence of ten years was appropriate because of Holden's juvenile history. We agree. Given Holden's significant juvenile history, we cannot say that the ten-year sentence is inappropriate in light of the nature of the offense and the character of the offender.

### Conclusion

The ten-year sentence is not inappropriate in light of the nature of the offense and the character of the offender. We affirm.

Affirmed.

BAKER, J., and CRONE, J., concur.

4